## WILLIAM H. DOLLIVER vs. JAMES PARKS.

Suffolk. Jan. 17. — Feb. 28, 1884. C. ALLEN & HOLMES, JJ., absent.

The provision of the Pub. Sts. c. 70, § 17, that "no person shall receive a commission or exercise the office of pilot until he has given to the treasurer of the Commonwealth a bond with two sureties in the penal sum of one thousand dollars," requires a bond for that sum with two sureties, each bound for the whole sum; and a person whose bond recites that the two sureties are bound in the sum of $500 each, and to whom the commissioners of pilots issue a commission, under which he acts, is a pilot de facto only, and cannot maintain an action against the owner of a vessel for compulsory pilotage fees.

CONTRACT against the owner of a vessel, for pilotage. Trial in the Superior Court, without a jury, before *Staples*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff introduced evidence tending to show that said vessel was of 219 tons burden, and hailed from the port of Windsor, Nova Scotia; that on the morning of September 23, 1882, she was four miles east of Boston Light, on pilotage grounds, and then on a voyage from said Windsor to Boston, and drawing thirteen feet of water; that the plaintiff then and there duly tendered to her his services as pilot; and that said services were not accepted.

The plaintiff testified that he was at the time acting as a Boston pilot, and produced his commission, showing his appointment and the extension thereof on the margin. The defendant contended that the plaintiff, to maintain his action, must show that he had given the bond required by law. The plaintiff contended that this was not necessary, and did not produce said bond. Thereupon, at the suggestion of the judge, the evidence of the plaintiff was suspended by agreement, and the defendant introduced in evidence the bond, and the only bond ever given by the plaintiff as pilot in the premises. The bond, the sureties thereof being approved by the commissioners of pilots, recited that the principal was bound in the sum of $1000, and the two sureties in the sum of $500 each.

The judge thereupon ruled, as matter of law, that the bond was not sufficient to entitle the plaintiff to maintain the action, and found for the defendant; and the plaintiff alleged exceptions.

*W. E. Russell*, for the plaintiff.

*J. B. Richardson*, for the defendant.

COLBURN, J. The first question to be determined in this case is the sufficiency of the official bond given by the plaintiff. The St. of 1862, *c.* 176, § 19, (Pub. Sts. *c.* 70, § 17,) provides that "no person shall receive a commission or exercise the office of pilot until he has given to the treasurer of the Commonwealth a bond with two sureties in the penal sum of one thousand dollars," &c. The sureties on the bond are to be satisfactory to the commissioners of pilots, but they have no authority to approve the form of the bond.

We are of opinion that the statute requires a bond for $1000, with two sureties, each bound for the whole sum. In the bond given, the two sureties are only bound in the sum of $500 each; and the bond is not such as the statute requires. *Brighton Bank* v. *Smith*, 5 Allén, 413. The plaintiff could not legally exercise the office of pilot; but, as he held a commission, though illegally issued, and had assumed the duties of the office, he was a pilot *de facto*.

The plaintiff contends that it is sufficient, to enable him to maintain this action, that he was a pilot *de facto;* and that his title to the office cannot be raised in this suit. While the acts of an officer *de facto* are valid, so far as they concern the public or the rights of third persons who are interested in the things done, and his title to the office cannot be inquired into collaterally, yet when he sues in his own right, to recover fees which he claims are due to him personally, by virtue of his office, his title to the office may be put in issue; and, to recover, he must show that he is an officer *de jure*. In such a suit, no rights of the public or of third persons are concerned. The question of title to the office is directly raised; and he can recover no benefit to himself from an office he holds *de facto* only. *People* v. *Weber*, 89 Ill. 347. *Dolan* v. *Mayor*, 68 N. Y. 274. *Fowler* v. *Bebee*, 9 Mass. 231. See *State* v. *Carroll*, 38 Conn. 449, 471.

As the plaintiff was not legally a pilot, he is not entitled to recover in this suit. We have assumed in this case that the office of pilot is a public office, which is the view most favorable to the plaintiff; but we do not intend definitely to decide that question. *Exceptions overruled.*