STATE, by information, *vs.* DANIEL J. DONOVAN.

Hancock.   Opinion January 6, 1897.

*Officer.   Removal.  Statutes.   Repeal.   Ellsworth City Charter.   R. S., c. 3, § 34.*

The removal of an officer for cause is held to be a judicial act, and the mayor and aldermen must act together, and each officer is entitled to notice and hearing.

A local statute enacted for a particular municipality is intended to be exceptional from the general statute, and for the benefit of such municipality.

General acts are held not to repeal the provisions of charters granted to municipal corporations though conflicting with the general provisions, unless the words of the general statute are so strong and imperative as to render it manifest that the intention of the legislature cannot be otherwise satisfied.

ON EXCEPTIONS BY DEFENDANT.

This was an information in the nature of quo warranto filed by the Attorney General, at and by the relation of Thomas J. Holmes, against the respondent for usurping the office of city marshal of the city of Ellsworth.

The hearing was on information, answer, replication and testimony; and the following decree was made by the presiding justice:

"This cause came on to be heard this second day of June, A. D. 1896, and was argued by counsel, and thereupon, upon consideration thereof it is adjudged and determined as follows, viz:—

"That the relator, Thomas J. Holmes, was duly and legally appointed city marshal of said city of Ellsworth on the 16th day of March, A. D. 1896, that said relator duly qualified for said office on the 17th day of March, A. D. 1896, and ever since has been and still is the legal city marshal of said city of Ellsworth; that the attempted removal of said relator from said office by Mayor Gerry was not in accordance with the requirements of the city charter of said city of Ellsworth and is illegal and void; that the respondent, Daniel J. Donovan, on the fourth day of May, A. D. 1896, usurped, used and exercised the said office of city marshal of said city of Ellsworth, and ever since has usurped, used and exercised said office without any lawful authority therefor; and that judgment of ouster be and is hereby rendered against said respondent, Daniel J. Donovan, and he is hereby directed not in any manner to intermeddle or concern himself in and about the holding of, or exercising, the said office of city marshal of said city of Ellsworth.　　　　　　　　WM. P. WHITEHOUSE,

Justice Sup. Jud. Court."

To this decree the respondent took exceptions.

*H. E. Hamlin,* for relator.

*G. B. Stuart and D. E. Hurley,* for respondent.

Only the first twelve lines of section four of the city charter apply to the appointment of city marshal, and the remainder of the section, commencing with "All the powers, etc.," applies to all other subordinate officers, being those which are elected by the city council without the mayor having any voice or vote.

VOL. LXXXIX.　29

Under the general laws of Maine the legislature conferred upon the mayor the power of removal of all officers elected or appointed by the mayor and aldermen, and he need not specify cause for removal, and his decision is final.    Am. & Eng. Enc. of Law, p. 562, note I.

The clause in city charter giving power to the city council to remove officers for cause, applies only to such officers as were created by them alone, and that clause is not repugnant to, nor inconsistent with, the act of 1896, and would not deprive the mayor of his rights under said act of 1896.

SITTING:   PETERS,   C. J.,   EMERY,   FOSTER,   WISWELL, STROUT, JJ.

FOSTER, J.   By an express provision of the city charter of the city of Ellsworth, the mayor and aldermen hold their office for one year from the second Monday in March, and until others shall be elected in their places.

There having been no election of mayor at the annual election in March, 1896, the mayor then in office was in all respects legally acting until his successor was chosen on the sixth day of April following, and was authorized to perform all the duties granted to the mayor by the city charter.

The city charter provides that the mayor and aldermen shall elect or appoint subordinate officers on the second Monday of March, or as soon thereafter as conveniently may be.   That meeting, as appears from the records, was adjourned from time to time until the sixteenth day of March, when the mayor appointed the relator as city marshal, which appointment was confirmed by the board of aldermen.   This appointment by the mayor and confirmation by the board of aldermen was equivalent to an appointment by the mayor and aldermen as specified in the city charter.

The relator was duly qualified and entered upon the discharge of his duties.

On the sixth day of April, 1896, at a special election for the choice of mayor, Robert Gerry was elected as mayor.   On the fourth day of May, 1896, at a regular meeting of the city govern-

ment, the mayor nominated the respondent as city marshal, which nomination the board of aldermen refused to confirm. Thereupon the mayor appointed the respondent as " acting city marshal," who took the oath of office, and proceeded to exercise the authority and perform the duties incident to the office of city marshal.

When the appointment of respondent was made there was no vacancy in the office of city marshal. This fact the mayor must have understood, for afterwards on May 20, 1896, he caused a written notice of removal to be served on the relator.

By section 4 of the city charter, " The mayor and aldermen may remove officers, when in their opinion sufficient cause for removal exists."

Under this section only have the mayor and aldermen power to remove officers elected, or appointed for a fixed term, before the expiration of that term, and even then the removal must be for cause.

The removal of an officer for cause is held to be a judicial act. The mayor and aldermen must act together, and the officer to be removed is entitled to notice and hearing. *Andrews* v. *King*, 77 Maine, 224; *Ham* v. *Boston Board of Police*, 142 Mass. 90.

No action has ever been taken by the mayor and aldermen upon the question of removal of the relator. The matter has never been brought officially before the board of aldermen. The mayor acted upon his own motion and attempted to remove the relator without formulating any charges against him or granting him the privilege of a hearing.

The mayor's only claim for any such authority to remove officers upon his own motion, without cause, and without the concurrence of the board of aldermen, is under the last clause of R. S., § 34, c. 3, which reads as follows:—" Whenever appointments to office are directed or authorized to be made by the mayor and aldermen of cities, they may be made by the mayor with the consent of the aldermen, and such officers may be removed by the mayor."

It is an established rule in the construction of statutes that a local statute enacted for a particular municipality, for reasons

satisfactory to the legislature, is intended to be exceptional and for the benefit of such municipality. Black on Interpretation of Statutes, 116.

In accordance with this principle, general acts are held not to repeal the provisions of charters granted to municipal corporations though conflicting with the general provisions, unless the words of the general statute are so strong and imperative as to render it manifest that the intention of the legislature cannot be otherwise satisfied. Endlich on Int. of Statutes.

It appears, however, that the special act of the legislature incorporating the city of Ellsworth was passed in 1869, while the general statute, found in § 34 of c. 3, R. S., was enacted in 1866. The re-enactment of the general statute in 1895 was for the purpose of adopting an amendment not affecting the question here presented, and discloses no intention to repeal the special provisions of municipal charters granted after 1866. *State* v. *Cleland,* 68 Maine, 258.

The legislature must be presumed to have had in mind the act of 1866 when granting the city charter in 1869, and to have intended the substitution of the latter for the former in prescribing the methods of removal. *Weeks* v. *Walcott,* 15 Gray, 54; *Smith* v. *Sullivan,* 71 Maine, 150, 152, 153. It was in accordance with this doctrine that the court, in *Starbird* v. *Brown,* 84 Maine, 238, held a prior private act to be so amended by a subsequent general act as to render it conformable with the latter. " The test is," say the court, " whether a subsequent legislative act is so directly and positively repugnant to the former act that the two cannot consistently stand together. Is the repugnancy so great that the legislative intent to amend or repeal is evident?" In this case, as in that, the legislative intent to amend is evident, and that intent must prevail.

It follows that the question here presented must be settled and the rights of the parties determined in accordance with the provisions of the city charter of Ellsworth. Under the rule there prescribed for the appointment and removal of subordinate officers, the city marshal can only be appointed or removed by the mayor

by and with the advice and consent of the aldermen. He cannot be appointed or removed by the act of the mayor alone.

This conclusion will be found to be fully supported by the Massachusetts court in the recent case of *Copeland* v. *Springfield*, 166 Mass. 498, 504, citing a large number of authorities. That court says:—"The legislature could repeal all or any of the special or the general acts which have been cited, either wholly or as affecting cities alone, and could set up the provisions of stat. 1895, c. 444, as the only rules concerning the matters dealt with to be thereafter followed in any city. If it clearly appears that it was intended to impose upon all cities the system of that statute as the only rule for constructing and completing sidewalks, and of making assessments for their cost, that intention is to have effect, although the repugnant rules which were previously in force in any city are found in its charter, or in some other special act granted to its inhabitants. But, in accordance with the rule of construction stated in *Brown* v. *Lowell*, 8 Met. 172, when special acts growing out of the peculiar wants, condition, and circumstances of the locality have been granted to a particular place, and afterwards a general law is passed having some of the same purposes in view, and extending them to places in which the special acts had no operation, whether the general act is an implied repeal of all repugnant special acts depends upon a careful comparison of the statutes and the objects intended to be accomplished; and, speaking generally, it requires 'pretty strong terms in the general act, showing that it was intended to supercede the special acts, in order to hold it to be such a repeal.'"

The act of the mayor in attempting to remove the relator from the office of city marshal was ineffectual because not done by and with the advice and consent of the aldermen. There being no vacancy in the office of city marshal, the act of the mayor in attempting to appoint the respondent to that office was unauthorized and illegal; and in any event was wholly ineffectual because not done by and with the advice and consent of the board of aldermen.

Hence the relator, having been legally appointed to the office of

city marshal of Ellsworth by and with the advice and consent of the board of aldermen, and not having been legally removed therefrom, is now entitled to said office. The respondent is not entitled to it.

*Exceptions overruled.*