LEONARD ANDREWS, Petitioner,

*vs.*

POLICE BOARD, City of Biddeford.

FRANK IRISH *vs.* SAME.

York.     Opinion February 17, 1900.

*Certiorari.     Biddeford Police Board.     Removal of Police.     Spec. Laws, 1893, c. 625.*

The manifest purpose of the act of 1893, c. 625, establishing a Board of Police in the City of Biddeford "with authority to appoint, establish and organize the police force of said city, including the marshal and deputy marshal, and to remove the same for cause and make all needful rules and regulations for its government, control and efficiency", was to create a police force, not subject to change from the result of recurring elections, but with a tenure to be cut short only for cause and after due notice and hearing.

*Held;* that a rule of said board to the effect that "whenever the board of police consider the police force ineffective on account of its number, police officers,—regular, reserved or special,—may be removed for the following cause, viz: to make more effective the police force as the board consider proper therefor, no offense being charged against such police officers; and the same may be done whenever said board of police consider the above named cause exists with no personal discredit of officers removed upon order of said board" is in violation of the statute creating the board of police.

*Also*, that the action of said police board, in this case, was an attempted exer-
cise of power under said rule not conferred by the statute and therefore void.

ON REPORT.

This was a petition for a writ of certiorari, praying that the board of Police Commissioners of the city of Biddeford be ordered to certify their records relating to the attempted removal of the petitioner from the office of police officer of the city of Biddeford, to the end that so much thereof as is illegal may be quashed.

PETITION:

STATE OF MAINE.

YORK, SS.

To the Honorable Justice of the Supreme Judicial Court:

Respectfully represents Leonard Andrews of Biddeford, in the County of York and State of Maine, that on the third day of July, A. D. 1893, he was duly appointed Police Officer of the City of Biddeford, and was duly qualified as such officer, by the Board of Police, duly constituted and acting, under and by virtue of chapter 625 of the laws of the State of Maine, for the year A. D. 1893.

That at a meeting of said Board of Police, held on the fourteenth day of November, A. D. 1898, said Board of Police undertook to remove your petitioner from the office of Police of the City of Biddeford, and served notice on your petitioner that he was so removed.

That said appointment and qualification of your petitioner and said attempt to remove him fully appears upon the records to be produced and exhibited herein.

And your petitioner represents and shows that said Police Board have no jurisdiction in the matter of said removal, and that their acts in making said removal were erroneous and unlawful, and the records thereof are erroneous and illegal, in the several causes which your petitioner relies on for his support.

Wherefore, your petitioner prays that this court will issue a writ of certiorari ordering the said Board of Police to certify their records relating to said attempted removal of your petitioner that they may be presented in court to the end that the same or so much thereof

as may be illegal may be quashed, for the several causes which are recited and annexed to this petition and made a part thereof, upon which your petitioner relies for its support.

1st. Because it does not appear, nor is it true in fact, that any charges or complaints were ever filed with said Board of Police against your petitioner.

2nd. Because it also does not appear, nor is it true in fact, that any notice was ever given to your petitioner that said Board of Police was to act upon the question of the removal of your petitioner.

3rd. Because it does not appear, nor is it true in fact, that said attempted removal was for cause and with notice to your petitioner.

4th. Because attempted removal was made without cause and without notice to your petitioner of any cause, and without any opportunity to your petitioner to be heard upon the question of his removal.

All in violation of chapter 625 of the private and special laws of the State of Maine of 1893.

Leonard Andrews.

STATE OF MAINE.

YORK, SS.                                   April 21, A. D. 1899.

Personally appeared Leonard Andrews, and subscribed and made oath to the above.

Before me,

Charles S. Hamilton, Justice of the Peace.

ANSWER.

STATE OF MAINE.

YORK SS.                                   SUPREME JUDICIAL COURT.

May Term, 1899.

LEONARD ANDREWS, Petitioner,

vs.

BOARD OF POLICE OF THE CITY OF BIDDEFORD.

ANSWER.

In the matter of Leonard Andrews petitioner for the writ of Certiorari ordering the Board of Police of the City of Biddeford to

certify their records now pending in the Supreme Judicial Court in session in Alfred for the County of York.

Your respondent, the Board of Police of the City of Biddeford aforesaid, hereby respectfully certify and answer as follows:

First.    That if said Andrews was a duly appointed and qualified police officer in said city on July 3, 1893, or after, which your respondent denies, that on the fourteenth day of September, 1898, he became divested of all official or de facto rights, powers and liabilities as a police officer through the action of said board of police by its doings, findings and judgments; and that said doings, findings and judgments were, in all respects, just and without error and within their jurisdiction, under chapter 625, private and special laws of Maine, of 1893, and acts amendatory thereof and additional thereto.    That no charge or complaint for an offense under rule 38 of the board aforesaid was ever preferred against said petitioner, consequently, no notice was ever given said petitioner of any charge or complaint as alleged in his bill of particulars.    That said Andrews' removal from the position of policeman, if he ever held that position, was for cause other than for offenses as set forth in said rule 38, and by virtue of the terms of rule 56 of said board and for no other reason.

Your respondent further, and with respect, certifies that the following is rule 38 aforesaid: "Any member of the police force may be punished by the board of police, in its discretion, whether by reprimand, forfeiture of pay for not exceeding thirty days, for any one offense, by being reduced in rank, or by dismissal from the force, on conviction of any one of the following offenses, to wit: Intoxication.   .   .   .   .

Any other act contrary to good order and discipline or constituting neglect of duty, or the violation of the rules of the department."

And that the rule 56 of said board is as follows: "Whenever the board of police consider the police force ineffective on account of its number,—police officers, regular, reserved or special,—may be removed for the following cause viz.: to make more effective the police force as the board of police consider proper therefor—no

offense being charged against such police officers, and the same may be done whenever said board of police consider the above named cause exists with no personal discredit of officers removed upon order of said board." That said rule 56 was adopted September 14th, 1898, and that thereafter, upon the same day, certain actions and doings of said board were had concerning which the following is a true copy of the record thereof. " Upon due consideration and investigation the board of police consider that to make the police force of Biddeford more effective, which said board hereby consider necessary and proper that the following named men, whose names appear upon the records of said board as officers be and hereby are removed by virtue of Rule 56 of this board, and this is the order of the board thereof viz: Leonard Andrews, . "

That the writ as prayed for should not issue; that the doings, findings and judgments and records of your respondent are not illegal and in error; but legal and correct; that no part of said record should be quashed. Respondent further answering says that said petition is not sufficient in its terms and allegations in law for your petitioner to have his prayer granted by this court, and so says not for the purpose of frivolous delay but believing said ground well taken.

Wherefore, respondent prays such judgment as is usual and proper.

And with due respect said respondent makes the above its answer.

June 7, 1899.

BOARD OF POLICE OF THE CITY OF BIDDEFORD, Respondent,
By its Attorney, JAMES O. BRADBURY.

It was admitted at the hearing on the petition, in the case of Andrews, that Ezra H. Banks, James F. Tarr and Levi W. Stone were the board of police commissioners duly qualified at the time of the removal of Leonard Andrews the petitioner; that Andrews was duly appointed and duly qualified as a police officer, July 3, 1893; that Andrews was removed by said board of police, September 14th, 1898; that no charge or complaint was made against the

said Andrews, and that no notice was given to him of any proceeding in the premises until after he was removed.

*B. F. Hamilton* and *C. S. Hamilton*, for petitioners.

The power that appoints, the board of police, has the power to remove for cause. The statute is silent as to what the cause shall be that would justify the removal of a police officer. The board of police is the tribunal that is to hear and determine, and the act of hearing and determining is a judicial act always. *Andrews* v. *King*, 77 Maine, 224. There were no charges preferred against the petitioners. Chief Justice Parker says, in *Murdock, Petitioner*, 7 Pick. 303, 330, " we hold that by analogy to trials on criminal accusations in courts of justice, and the principles of the constitution, no man can be deprived of his office, which is a valuable property, without having the offense with which he is charged, ' fully and plainly, substantially and formally described to him.' This enters so essentially into the justice of the case, and into the character of a fair trial, that it ought not to be dispensed with. Without it, the party charged does not know what to defend against; nor can another body, to which there may be an appeal, ascertain the effect or admissibility of the evidence against him."

There was no specification of the charges made against the petitioner in the administration of his office, and no notice was given him of a hearing, and in fact no hearing was had. The whole proceeding was ex-parte, a Star Chamber performance. Was the removal of the petitioner a judicial act?

A cause for the removal of an officer must embrace some act of the officer in the administration of his office. In this case the petitioner is charged with no act of misfeasance or nonfeasance in his office.

It is true, that in the statute creating the board of police it is not stated in detail what the causes are that will justify a removal, but it must be such a cause as seems to the board sufficient, after the party has notice and an opportunity to be heard in defense or explanation of whatever may be alleged, as a cause of removal.

The statute creating the Biddeford board of police is an exact

copy of the Mass. statute and the proceedings of the Biddeford board of police were the same as those of the Boston board in *Ham* v. *Boston Board of Police,* 142 Mass. 90. The court held that the board could not remove an officer or member of the police, without assigning a cause for such removal and giving to such officer or member an opportunity to be heard thereon. *State* v. *Donovan,* 89 Maine, 448.

*J. O. Bradbury and F. W. Hovey,* for defendants.

The question of the efficiency of the force, so far as its number is concerned, cannot be made an issue between the creating power and the officers created. That proposition is one for trial, but rests entirely upon the good judgment and integrity of the police commission under the force of the oath of its members; and that being so, it takes this case out of the general rule of cases in which the officer is discharged and his position vacated on account of the commission of any offense or misdemeanor punishable under the rules of the board other than Rule 56 by suspension or removal.

The petitioners have not alleged in either case that they were qualified officers at the time of the removal. They cannot now prove they were, but are bound by their pleadings.

By the terms of c. 625, of the special laws of 1893, the Police Board have authority to appoint, and also authority to remove for cause, and to make all needful rules and regulations for its government, control and efficiency. It is to be borne in mind that the police board have all authority and power, formerly vested in the board of aldermen and common council.

The police officers of Biddeford are not appointed for any limited term, nor during good behavior, but their appointment is without limitation of time. Hence, in the appointment of regulars and specials for special business, in a few years the city becomes burdened, and the efficiency of the force greatly lessened, by the accumulation of the appointments of years.

That condition of things is the actual experience of the police board of the city of Biddeford. The rules cited indicate how members of the police force may be punished by suspension, or by

removal, for various misdemeanors and offenses, and in those cases the charges must be preferred, and a hearing must be had. But with the statutory power to make any rules and regulations for the efficiency of its force, the respondent must have the inherent right, when the board and its force have become unwieldy through the lapse of years, to reduce it to efficiency by the removal of the unneeded accumulation of years and for that purpose Rule 56, of the board, was established. And under that rule, action of the board has been taken, relating to the efficiency of the board of men whose names appeared on the police force records.

The rule requiring charges to be preferred, and a hearing had, relates solely to the cases where policemen are to be tried and punished by suspension or removal, by violation of law or of the rules of the board. The matter of regulating the efficiency of the force, so far as number is concerned, must rest in the good judgment, discretion and integrity of the board itself.

*Ham* v. *The Boston Board of Police*, 142 Mass. 90, was for the removal of a regular policeman and not a special officer, and under the Massachusetts statute it was specially stated, that the officer could not be removed without preferring charges against him.

In the case of *Andrews* v. *King*, 77 Maine, 224, the contention was relative to the office of city marshal and not in relation to the appointment or removal of policemen either regular or special; the office of city marshal is held not to be a corporate or even a municipal office, but a position affecting the entire state, while the appointment and management of the police force of the city of Biddeford is certainly a purely local and municipal affair.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

HASKELL, J. Petition for certiorari to quash the order of the Board of Police in the city of Biddeford, dismissing the plaintiff and twenty-six others from the police force.

The act of 1893, c. 625, established a board of police in Biddeford, with "authority to appoint, establish and organize the police

force of said city, including the marshal and deputy marshal, and to remove the same for cause and make all needful rules and regulations for its government, control and efficiency." It gave the board the same power for governing the police then vested in the city government, except as provided by the act. It continued in service the existing police force until removed by the board of police. It prohibited the appointment of more than the city government might then appoint, except thereafterwards authorized by the "city".

In short, the existing police force was continued in service under the control of the board of police, which might remove for cause, and appoint not exceeding the number authorized by the city government. The manifest purpose of the act was to create a police force, not subject to change from the result of recurring elections, but with a tenure to be cut short only for cause. That means cause affecting the individual to be removed. It does not mean cause applicable to the force in gross or collectively. It does not mean that the force may be discharged by wholesale because they may not be agreeable to the board of commissioners.

Indeed, this view was taken by the board when it organized, for it ordained rule 41: " Trials of police officers shall be held at such times as may be ordered by the board of police. Notice of the time and place of the trial, together with a copy of the charges and specifications, shall be served on the accused party at least two days before the time of trial, including the day of service," etc.

Again, by rule 38, any member of the force might be disciplined or dismissed for any one of twenty-three offenses specifically named.

It is agreed that the petitioner was duly appointed and qualified as a police officer July 3, 1893. That on September 14, 1898, the board adopted rule 56: " Whenever the board of police consider the police ineffective on account of its number, police officers,— regular, reserved or special,—may be removed for the following cause, viz. to make more effective the police force as the board of police consider proper therefor—no offense being charged against such police officers, and the same may be done whenever said board

of police consider the above named cause exists with no personal discredit of officers removed upon order of said board."

Thereafterwards, on the same day that rule 56 was adopted, the board of police ordered, "Upon due consideration and investigation the board of police consider that to make the police force of Biddeford more effective, which said board consider necessary and proper that the following named men, whose names appear upon the records of said board as officers, be and hereby are removed by virtue of rule 56 of this board, and this is the order of said board, viz. Leonard Andrews" and twenty-six others whose names appear in the record of the board of police. The proceeding was without charge against any member of the police force or notice to any one of the policemen removed.

Rule 56 was in violation of the statute creating the board of police, and their action under it was an attempted exercise of power not conferred by the statute and therefore void. The board was only authorized to remove for cause, and such removal is a judicial act, to be made only upon notice and hearing. *State* v. *Donovan*, 89 Maine, 448; *Andrews* v. *King*, 77 Maine, 224.

*Writ to issue.*