NAPOLEON DUCHARME *vs.* CITY OF BIDDEFORD, Apt.

York. Opinion December 11, 1912.

*Appointment of Police Officers. Board of Police. Chapter 625 of Private Laws of 1893. Burden of Proof. City Charter. Mayor and Aldermen. Number of Police Officers. Records. Resignation. Vacancy.*

The plaintiff seeks to recover the amount of his salary as patrolman in defendant city from September 5th to September 27th, 1911, having been prevented from serving during that time by the Chief of Police.

On March 27, 1893, the city government of Biddeford, acting within its legal powers, passed an ordinance restricting the number of regular policemen to four, which ordinance is still in force. On same date, Newcomb, Mogan, Palardis and Rumery were duly appointed and qualified as the four regular policemen of the city, and no one of them resigned or was removed prior to July 3, 1893.

By Chapter 625 of the Private Laws of 1893, approved and taking effect March 28, 1893, a board of police was created for the city of Biddeford, with the same powers previously vested in the city government, except as provided in the Act. Section 5, of said act provided that "said board of police shall not appoint any larger number of police officers than the present mayor or board of mayor and aldermen by the Statutes of the State, city charter, ordinances, by-laws, and rules of said city are now authorized to appoint, except as may be from time to time authorized by said city."

*Held:* 1. That the effect of Section 5 was to keep the number of regular policemen at four as fixed by the city ordinance of March 27th.

2. That on July 1, 1893, when the board assumed control, Goodwin, Mogan, Rumery and Ducharme were appointed regular patrolmen, Mogan and Rumery being two of the four appointed by the City on March 27, 1893. It not appearing in the case that Newcomb and Palardis had either resigned, died or been removed from office, the burden was on the plaintiff to show death, resignation or legal removal.

3. If there had been neither death, resignation nor legal removal of either Newcomb or Palardis, there was no vacancy in the existing police force and the board had no authority to appoint either Goodwin or Ducharme.

4. That an officer de facto has no legal right to the emoluments of an office, the duties of which he may have performed under color of an appointment, but without legal title.

5. An action for salary puts in issue the legality of the title of the officer and the plaintiff has failed to prove that he was an officer de jure.

Reported on agreed statement of facts. Judgment for defendant.

This is an action of assumpsit to recover the sum of $49.50 as salary as patrolman in the defendant city from September 5 to September 27, 1911, having been prevented from serving during that time by the chief of police. Plea, the general issue. The case was submitted to the Law Court for decision upon an agreed statement of facts.

*John P. Deering,* for plaintiff.

*Arthur J. B. Cartier, and Robert B. Seidel,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

CORNISH, J. The plaintiff seeks to recover the sum of $49.50, the amount of his salary as patrolman in the defendant city from September 5, to September 27, 1911, having been prevented from serving during that time by the chief of police.

His right of action depends upon whether or not he was an officer de jure. His continued service for the seventeen previous years may have made him an officer de facto, but a de facto officer has no legal right to the emoluments of an office the duties of which he may have performed under color of an appointment, but without legal title. *Andrews* v. *Portland,* 79 Maine, 484; *Dolliver* v. *Parks,* 136 Mass., 499; *Phelon* v. *Granville,* 140 Mass., 386. An action for salary therefore puts in issue the legality of the title to the office, and the vital question here is not how long the plaintiff may have acted as patrolman, but whether he had a legal title to the office during the period covered by his writ.

We think he had not. The following facts which appear in the agreed statement are conclusive upon this question.

On March 27, 1893, the city government of Biddeford, acting within its legal powers, passed an ordinance restricting the number of regular policemen to four, which ordinance is still in force. On the same date, Messrs. Newcomb, Mogan, Palardis and Rumery were duly appointed and qualified as the four regular policemen of the city, and no one of them resigned or was removed prior to July 3, 1893.

By Chapter 625 of the Private Laws of 1893, approved and taking effect March 28, 1893, a board of police was created for the city of Biddeford, with the same powers previously vested in the city government, except as provided in the act.

Section 5 of that act provided that "said board of police shall not appoint any larger number of police officers than the present mayor or board of mayor and aldermen, by the statutes of the State, city charter, ordinances, by-laws and rules of said city are now authorized to appoint, except as may be from time to time authorized by said city."

The effect of this section was to keep the number of regular policemen at four, as fixed by the city ordinances of March 27, and no action has since been taken by the city increasing that number.

Section 2 of said act provides that, "Said board of police of the city of Biddeford shall have authority to appoint, establish or organize the police force of said city, including the marshal and deputy marshal, and to remove the same for cause;" and section 3 further provides that, "The members of the police force of said city of Biddeford in office when said board of police are first appointed, shall continue to hold their several offices unless removed by said board of police."

So that when the board of police assumed control of the police department on July 1, 1893, they assumed it with the four regular policemen appointed on March 27, all of whom were legally entitled to continue in office, and none of whom could be removed by the board of police except for cause.

How did Ducharme receive his appointment?

The records of the police board show that on July 1, 1893, the board on assuming control, appointed Messrs. Goodwin, Mogan, Rumery and Napoleon Ducharme regular patrolmen. Two of these, Mogan and Rumery were two of the four appointed on March 27 by the city, but the case nowhere shows that the other two men previously appointed, viz., Messrs. Newcomb and Palardis, had either resigned, died or been removed from office. If not, and the burden was on the plaintiff to show death, resignation or legal removal, there was no vacancy in the existing police force and the board had no authority to appoint either Goodwin or Ducharme.

The board apparently regarded the appointment of Ducharme on July 1, as unauthorized and void because two days later, on July 3, the record reads: "It was voted that the following persons be removed from the police force, viz., Joseph Palardis" and five others who were apparently special police. "The following persons were elected police officers: Napoleon Ducharme . . ."

It is evident that the board attempted by this vote to remove Palardis and appoint the plaintiff in his place, but such removal was illegal, and therefore the plaintiff's appointment was void. The board could remove Palardis only for cause after charges preferred, notice given and hearing had. This arbitrary act on their part was utterly void. This was squarely decided in the case of *Andrews* v. *Police Board of Biddeford,* 94 Maine, 68, where this same act establishing the police board of Biddeford and the powers of the board thereunder were fully considered by the court. That case is decisive of this. In *Cote* v. *Biddeford,* 96 Maine, 491, the court in re-affirming the doctrine of *Andrews* v. *Police Board,* supra, say: "It is undoubtedly true that the action of the police board in attempting to remove the plaintiff and to elect a successor in the office was unauthorized and void. The plaintiff had been elected to the office just prior to the time when the act creating the board of police went into effect and he could only be removed for cause."

The burden resting upon the plaintiff to prove that he was an officer de jure has not been met, and the entry must therefore be,

*Judgment for defendant.*