MARTIN S. JOYCE, JR.
*vs.*
LEON T. WEBBER, ET AL.

Cumberland.   Opinion, May 2, 1961.

*Robert C. Robinson,* for plaintiff.

*Barnett I. Shur,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, SULLIVAN, DUBORD, SIDDALL, JJ.  TAPLEY, J., did not sit.

WEBBER, J.   The petitioner for the writ of mandamus is a police officer of the City of Portland who received a limited suspension of five days without pay for disciplinary purposes by order of the Chief of Police. By this action the petitioner seeks to compel the Civil Service Commission of the City of Portland either to grant an original hearing on such suspension or alternatively to entertain an appeal from such order.  The Commission asserts that it has no jurisdiction in the matter of limited suspensions for disciplinary purposes.  The justice below denied the requested relief and the petitioner's appeal brings the matter on for review.

Any protection afforded a police officer from such disciplinary action as was here imposed upon him by the Chief of Police must stem from the provisions of the civil service ordinance in force in the City of Portland. The applicable portions of Sec. 1 of Rule XI of that ordinance provide:

> "Sec. 1. The Chief of the Police Department * * * may, for disciplinary purposes, suspend without pay any member, * * * from the performance of his duties, for one offense for a period of not more than fifteen consecutive days, and for periods aggregating not more than thirty days in a calendar year for more than one offense on account of violation of department rules, inefficiency, incompetence, misconduct, negligence, insubordination, disloyalty, or other sufficient cause and said Chief of the Police Department * * * shall immediately upon such suspension file with the Civil Service Commission a written statement of the reasons for such suspension, and a copy of said statement shall be personally delivered to the department member or shall be mailed to him at his last and usual place of abode."

In contrast to the foregoing provisions relating to the limited suspension rights vested in the Chief of Police, the ordinance further provides in Secs. 2 and 3 of Rule XI for the more extensive powers of suspension and removal vested in the Civil Service Commission and for the rights of the officer to notice and hearing in such cases. The applicable portions of these sections are as follows:

> "Sec. 2. The Civil Service Commission shall have the power and authority to demote, layoff, suspend and remove members of the Police Department * * * for cause and after the presentation of charges and hearing. They shall further have the right to reinstate any such demoted, laid-off, suspended, or removed member of the Police Department * * * after a hearing and on recommendation of the head of the department to which the applicant seeks reinstatement, provided the City

Manager joins in such recommendation for re-instatement.

"Sec. 3. Pending a hearing before the Civil Service Commission for the demotion, lay-off, suspension or removal of a member of (the) department, the Chief of Police * * * and the City Manager * * * may, for the cause to be presented to said Civil Service Commission, suspend any member of said department(s), such suspension to be without pay and to continue until the next succeeding meeting of the Commission."

It is significant that Sec. 1 did not provide for the notice, lodging of charges and hearing which are afforded by Secs. 2 and 3. We are satisfied that this distinction was intentional on the part of the municipal officers when they enacted the civil service ordinance. A police department necessarily partakes of some of the attributes of a military establishment. Discipline and order must be maintained and a measure of unquestioned authority must be vested in the responsible commanding officer. The ordinance quite realistically takes this into account by vesting in the Chief of Police carefully limited powers of disciplinary action which he may employ without the necessity of notice, preferment of formal charges or hearing. From his exercise of these powers no appeal is provided. The petitioner readily admits that the municipal officers were fully empowered to insert this distinction in the ordinance. His position is rather that by their choice of words in Sec. 1 they did not succeed in eliminating the necessity of notice and hearing. We cannot agree with the petitioner's contention that the language of Sec. 1 by its use of the words "or other sufficient cause," inferentially at least, provided for notice and hearing.

That portion of Sec. 1 which provides that the Chief of Police must after the exercise of his limited power of suspension file with the Commission a written statement of

his reasons for the action and furnish the officer with a copy thereof by no means compels the conclusion that the petitioner is thereby given a right of appeal. We see in this provision no more than a recognition of the necessity for the Commission to keep full and adequate records as to the conduct and performance of all members of the department.

We think the petitioner tends to confuse the rights of a police officer under civil service with the rights of a person charged with crime. The latter is by the general law and by statute always entitled to know the charge lodged against him and he is afforded both hearing and appeal. In contrast, the civil service employee has no protection against suspension and removal except as may be specifically provided by the civil service statute or ordinance in effect. In the absence of such ordinance provisions or a special enactment by the Legislature which may be controlling, suspension or removal may be imposed with or without cause. *Yantsin* v. *City of Aberdeen* (1959), 345 P. (2nd) (Wash.) 178; see *Gray* v. *City of McKeesport* (1938), 133 Pa. Super. 24, 1 A. (2nd) 834.

The petitioner relies heavily on certain cases which are readily distinguishable. In *Andrews* v. *King*, 77 Me. 224, the statute established the tenure of office of a city marshal and provided for his removal for cause "after hearing." In *Andrews* v. *Police Board*, 94 Me. 68, the statute likewise limited the power of the police board to removal for cause. In that case there was no pretense that "cause" existed but removal was based only upon the desire of the board to reduce the size of the force. The court added that the phrase "removal for cause" as used in the legislative enactment contemplated and required notice and hearing. To the same effect and interpreting the same statute, *Cote* v. *Biddeford*, 96 Me. 491, and *Ducharme* v. *Biddeford*, 110 Me. 6. So also in *State* v. *Donovan*, 89 Me. 448, where the city charter granted by the Legislature provided for "removal for

cause" and required that removal by the mayor be with the advice and consent of the aldermen. We are satisfied that the protection afforded a civil service employee by the foregoing cases was guaranteed to the petitioner by Secs. 2 and 3 of Rule XI. In each case the court was seeking the intention of the Legislature from the words employed. We find nothing in those cases, however, which intimates or suggests that the Legislature, or municipal officers acting as in the instant case under broad legislative authority, could not provide for limited suspension for disciplinary purposes without notice or hearing. The petitioner cites us no case which so holds and, as already noted, we find the contrary held in a case in which the issue was squarely raised. *Yantsin* v. *City of Aberdeen, supra.* We conclude that the municipal officers of the City of Portland had the necessary authority and by their choice of language in Sec. 1 of Rule XI manifested a clear intention to confer upon the Chief of Police limited disciplinary power which in its exercise would require neither notice nor hearing and from which no appeal would lie.

Pursuant to a rule making authority conferred upon him by the ordinance, the Chief of Police promulgated certain Rules and Regulations of the Police Department. The petitioner calls particular attention to the provisions of Rule 2017 pertaining to "Discipline." It is unnecessary to discuss this rule in detail. It is enough to say that Rule 2017 falls far short of providing for the original hearing by the Commission or the appeal contended for by the petitioner. It may also be noted that insofar as rules promulgated by subordinate authority tend to contravene the provisions of controlling law, in this case the ordinance, such rules and regulations are of no effect and will "be promptly declared invalid." *McKenney* v. *Farnsworth,* 121 Me. 450, 452. We cannot regard these rules as adding anything to the rights of the petitioner in the instant case.

We conclude that in accordance with the clear intendment of Sec. 1 of Rule XI the petitioner in the circumstances of the instant case possessed no right either to an original hearing before the Commission or to an appeal to that body and that the writ of mandamus was properly denied. Accordingly the entry will be

*Appeal denied.*