THE PEOPLE, EX REL. SAMUEL D. CLAY, v. WILLIAM J. STUART.

*Constitutional law—Removal of county officers—Judicial power.*

1. How. Stat. § 653, which vests in the Governor the determination of the question whether *cause* exists for the removal of county officers, is constitutional.

2. The following propositions are summarized from the opinion of Mr. Justice CHAMPLIN:

   *a*—There can be no doubt that the removal of a person from his office for cause involves the exercise of judicial power.

   *b*—Holding and exercising an office to which a person has been elected, during the term for which he has been elected, is a right of which he cannot be deprived without due process of law, and this requires notice to the party, a hearing, and determination.

   *c*—The power conferred by the Constitution upon the Legislature to provide by law for the removal of county officers, etc., in such manner as to them shall seem just and proper, is in its nature political, and has reference exclusively to the polity of government, which would be inherently defective if no remedy of a summary nature could be invoked to remove from office a person who, after his election, had been convicted of crime, or who neglected his duty, or who was guilty of malversation in the administration of his office.

Case made from Kent. (Montgomery, J.) Argued February 15, 1889. Decided April 12, 1889.

Information in the nature of *quo warranto* to test the right of respondent to hold the office of prosecuting attorney. Judgment of the circuit court, sustaining the right of respondent, affirmed. The facts are stated in the opinion.

*Fred A. Maynard,* for relator.

*Stuart, Knappen & Van Arman,* for respondent.

CHAMPLIN, J.   An information in the nature of a *quo warranto* was filed in the circuit court for the county of Kent by the relator against the respondent, charging that he had usurped, intruded into, and unlawfully held the ·office of prosecuting attorney of Kent county, to which the relator was entitled by virtue of an election held on November 2, 1886, at which he was elected prosecuting attorney of Kent county, and qualified, and entered upon the duties of the office until the usurpation of Stuart, on May 5, 1888.

The respondent filed an answer, in which he set forth that on February 7, 1888, one Israel C. Smith, a citizen and resident of the city of Grand Rapids, in said county, exhibited to Cyrus G. Luce, the Governor of the State, certain charges in writing, setting forth that said Samuel D. Clay had been guilty of official misconduct as such prosecuting attorney, and in his office and administration of said office of prosecuting attorney, which charges and specifications were particularly set out in the answer, and he prayed the Governor to make inquiry into the charges, and that said Clay might be removed from the office of prosecuting attorney for such official misconduct; that such charges were accompanied with the certificate of the Attorney General that in his opinion said charges demanded investigation; that the Governor directed an investigation to be had, which, upon due notice to said Clay, was had at Grand Rapids, Mich., in said county, before Hon. Cyrus E. Perkins, judge of probate of said county; that testimony was taken, reviewed, and certified by the judge of probate as required by law, and returned to the Governor, and after due notice, and hearing the said Samuel D. Clay in his own defense, on, to wit, May 1, 1888, the said Governor became satisfied that said Samuel D. Clay, as such prosecuting attorney, had been guilty of such official misconduct in the occupancy and adminis-

tration of said office, and in due form of law removed said Samuel D. Clay from said office of prosecuting attorney, and declared the said office vacant; that thereafter, and on May 5, 1888, Hon. Robert M. Montgomery, the judge of the circuit court for the county of Kent, duly appointed the respondent, William J. Stuart, to the office of prosecuting attorney of said county of Kent until January 1, 1889, or until his successor in office should be chosen and qualified; that he duly accepted the appointment, and qualified thereunder, and entered upon the duties and privileges of said office; and denied the usurpation and intrusion charged.

To this answer the relator demurred. The cause was heard in the circuit court, and demurrer overruled, with leave to reply. He refused to do so, and judgment was entered for respondent, and against the relator for costs. The case is brought before us on a case made after judgment.

Article 12, § 7, of the Constitution of this State, reads as follows:

"The Legislature shall provide by law for the removal of any officer elected by a county, township, or school-district, in such manner and for such cause as to them shall seem just and proper."

In pursuance of this provision the Legislature enacted a law authorizing the Governor to remove all county officers elected in any county when he should be satisfied from sufficient evidence submitted to him, as in said law provided, that such officer is incompetent to execute properly the duties of his office, or has been guilty of official misconduct, or of willful neglect of duty, or of extortion, or habitual drunkenness, or has been convicted of being drunk, or whenever it shall appear by a certified copy of the judgment of a court of record of this State that such officer, after his election or appointment, shall

have been convicted of a felony.   The law further provides that the charges shall be in writing, and verified, and for service thereof upon the officer, and for an opportunity to be heard.   The law also provides for the manner of conducting the inquiry, the taking of testimony, and the return thereof to the Governor.[1]   No question is raised upon this record that the proceedings pointed out by the statute have not been followed, but the authority of the Legislature to depute to the Governor the power of removal without a conviction first had in a court of competent jurisdiction is challenged.

The argument on behalf of relator is this: While any officer named in the section of the Constitution above quoted may be removed from his office for such cause as shall seem just to the Legislature, and while the Legislature may designate the manner in which such cause shall be determined, the existence of such cause must be determined, before the removal can be made, by some tribunal invested with power to make such determination by the Constitution; that the determination whether the specified cause exists is the exercise of judicial functions, and must therefore be exercised by those tribunals which the Constitution has designated as the repository of such functions.

There can be no doubt that the removal of a person from his office for cause involves the exercise of judicial power.   Holding and exercising an office to which a person has been elected, during the term for which he has been elected, is a right of which he cannot be deprived without due process of law, and this requires notice to the party, a hearing, and determination.

The Constitution divides the powers of government into three departments,—the legislative, executive, and judicial (Article 3, § 1), and then declares that—

---

[1] How. Stat. §§ 653 et seq.

"No person belonging to one department shall exercise the powers properly belonging to another, except in the cases expressly provided in this Constitution" (Article 3, § 2).

The Legislature, acting under section 7, Art. 12, *supra*, has conferred upon the executive judicial power so far as it is necessary to carry out the provisions of that section. The inquiry is, does that section confer authority upon the Legislature to vest the determination of the question whether cause exists for removal in any other department than the judicial? It will be noticed that the power conferred by this section of the Constitution is plenary. The Legislature is to provide by law for the removal of county officers, etc., in such manner as to them shall seem just and proper. The power conferred is in its nature political, and has reference exclusively to the polity of government, which would be inherently defective if no remedy of a summary nature could be had to remove from office a person who, after his election, had been convicted of crime, or who neglected his duty, or who was guilty of malversation in the administration of his office. Every person elected to a county, township, or school-district office holds it subject to removal, in the manner provided by law under this section of the Constitution, which commits to the Legislature the whole subject of removal. They are to prescribe the mode in which it shall be done, and this includes everything necessary for the accomplishment of the object. The causes, the charges, the notice, the investigation, and the determination, and by whom these shall be conducted and the removal adjudged, are all in the discretion of the Legislature. The answer sets out with particularity the several steps required to be taken by the statute, and the demurrer admits the facts stated; and it follows that

the judgment of the circuit court must be affirmed, with costs against the relator.

The other Justices concurred.