[Civ. No. 2048.   First Appellate District.—April 28, 1917.]

In the Matter of the Difference and Controversy Between J. S. THOMAS et al. and the CITY OF PETALUMA.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENT IN CITY OF PETALUMA —NECESSITY OF ORDINANCE.—In the doing of street work in the city of Petaluma under the provisions of the act of the legislature approved March 6, 1889, it is not necessary that the city, prior to the entering upon the work, should adopt an ordinance electing to proceed under the state law and adopting its procedure as the one to be followed in making the improvement, as section 21 of article III of the charter of the city requiring that such work should be done by ordinance not in conflict with state laws, must be read in connection with section 68 of such article, which provides that in the absence of any procedure for carrying out or effectuating any granted or implied power or authority, the general law of the state shall prevail, and be followed.

APPEAL from a judgment of the Superior Court of the County of Sonoma. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, for Appellants.

G. P. Hall, for Respondent.

RICHARDS, J.—This is a proceeding instituted in the superior court of Sonoma County to determine the difference and controversy between the parties named therein in respect to the validity of certain proceedings for the doing of street work in and by the city of Petaluma, whereby the property of the appellants herein was sought to be charged with their proportion of the expense incident to such work. The sole question presented upon this appeal involves the legality of the procedure adopted and pursued by the said municipal corporation in doing the street work in question.

The city proceeded under the provisions of the act of the legislature approved March 6, 1889, and it is conceded by the appellants that the procedure prescribed in this state law was correctly followed out in making said improvements, except in certain respects to be hereafter noted. The main contention of the appellants is that, prior to entering upon the work of such street improvement under said state law, the city of Petaluma failed to adopt an ordinance electing to proceed under said law and adopting its procedure as the one to be followed in making said improvements. This contention on the part of the appellants is based upon the terms of section 21 of article III of the charter of the city of Petaluma, which reads as follows:

"The council shall have the power by ordinance which shall not be in conflict with any street (state) law now on the statutes of the State of California or which in the future will be placed on the statutes of this state, and such ordinance may embrace all the powers as are granted by any state law now in existence or which shall be in the future in existence.

"To establish and change the grade and lay out, open, extend, widen, change, pave, repave or otherwise improve all public streets and highways and public places, construct sewers, drains and culverts, to plant trees, construct parking, and to remove shrubs and weeds, or cause objectionable shrubs and weeds or any manner of uncleanliness or obstruction to be removed, and compel the owner of the property to pay for

such removal, to levy special assessments to defray the whole or any part of the cost of such work or improvements. Also to provide for the repair, cleaning and sprinkling of such streets and public places.''

Our attention is, however, called by the respondents to section 68 of article III of the city charter, which reads as follows:

''In the absence of any procedure for carrying out or effectuating any granted or implied power or authority, the general law of this state, where applicable and where not inconsistent with any express provision of this charter, shall prevail and shall be followed.''

It seems clear to us, when these two sections of the city charter of Petaluma are read together, as they must be, that no preliminary ordinance was necessary to entitle the city authorities to proceed immediately under the state law in making the street improvement under review. The city charter did not itself embrace a procedure for the doing of such work; and the only requirement of section 21 of article III of its charter is that when this character of work is to be done it should be done by ordinances not in conflict with state laws. The particular state law adopted by the city for the purposes of this work provides that the contemplated improvement shall have its inception in an ordinance of the city, for such the resolution of intention is, as required by said state law. The passage of an additional ordinance by the city resolving to adopt this ordinance required by the state law would be the doing of an idle act; and any construction of section 21 of article III of the charter which would require the doing of such act would do violence to the intendments of section 68 of article III of the same charter. We find no merit, therefore, in the appellants' contention in this regard.

As to the further point made by the appellants to the effect that there were certain specified defects in the proceedings of the city council in the course of doing the work in question, we find that these all turn upon the question as to whether the references for purposes of description contained in certain notices published during an early stage in the proceedings were to the proper city official map. The record, however, shows that whatever mistakes were made by the city officials in this respect were speedily discovered and were, we think, sufficiently rectified by republication of the notices in question

for the statutory period containing the corrected references to the proper official map. There is no merit, therefore, in the several points urged by appellants predicated upon this corrected error.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.