[Civ. No. 3888. Second Appellate District, Division One.—April 28, 1922.]

## AMBROSE BOYD, Appellant v. LYLE PENDEGAST et al., Respondents.

[1] OFFICES AND OFFICERS—GOVERNMENT EMPLOYMENT—ABSENCE OF VESTED RIGHTS—REMOVAL—DUE PROCESS.—The possession of an office, or the enjoyment of employment with the government, or under any of its agencies, does not confer a vested property right of any quality whatsoever; therefore, in general, whatever procedure is adopted to work the removal of a person from office, the constitutional question, as to lack of due process of law, cannot be involved.

[2] ID. — REMOVAL OF OFFICER — COMPLIANCE WITH REGULATIONS. — Whether for cause or without cause, where the removal of an officer is accomplished after full compliance with existing regulations affecting the matter, no ground is left upon which to found any action against the removing power.

[3] ID. — ABSENCE OF PROCEDURE FOR REMOVAL — LAW GOVERNING — RIGHT TO NOTICE.—In the absence of regulations fixing the procedure on removal from office, the law defining the term may be looked to in deciding the question. Appointments to hold during the pleasure of the appointing power may be terminated at any time and without notice; but appointments to hold "during good behavior," or for a fixed term of years, cannot be terminated except for cause, and the office holder is entitled to notice and an opportunity to be heard.

[4] ID.—LOS ANGELES CHARTER—REMOVAL OF POLICE OFFICER—HEARING—FINALITY OF RULING OF COMMISSION.—Under section 93 of article IX of the charter of the city of Los Angeles, relating to the appointment and removal of police officers, where a police officer has been suspended by the chief of police it is imperative only that a hearing before the board of police commissioners be accorded such suspended officer upon his request, and that he be permitted to produce his evidence, the manner in which the hearing is to be conducted and the class of evidence to be heard being left with the commission; and when such a hearing has been had, the decision of the commission, by the very terms of said charter, is placed beyond the reach of any review by the courts.

Right of appointing power to remove officer when term of office not fixed, and in case of fixed term of office, notes, **Ann. Cas.** 1912C, 374; **Ann. Cas.** 1913B, 524; 135 **Am. St. Rep.** 250.

[5] ID.—SUSPENSION—WHEN A REMOVAL.—The fact that the chief of
    police of the city of Los Angeles in his notice served subsequent
    to the hearing before the board of police commissioners advised
    petitioner that he was *removed* from office, whereas the notice
    served prior to such hearing advised him that he was *suspended,* is
    of no moment—a suspension, without a time stated for reinstate-
    ment, being in effect a removal.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Charles S. Burnell, Judge. Af-
firmed.

The facts are stated in the opinion of the court.

Abrahams & D'Orr for Appellant.

Jess E. Stephens, City Attorney, and Robert L. Hanley,
Deputy City Attorney, for Respondents.

JAMES, J.—Appellant, having been removed from his
position as a member of the police force of the city of Los
Angeles, brought this proceeding in the superior court ask-
ing that a writ be issued requiring defendants to certify
for review the record of the proceedings had and evi-
dence taken upon which the order of removal was made.
A demurrer was interposed to the petition and sustained.
Judgment dismissing the proceeding followed. From that
judgment petitioner has appealed.

By the demurrer of defendants several objections to the
petition were urged, only one of which need be here con-
sidered. The general ground that sufficient facts were not
stated to entitle petitioner to the writ sought presents
questions which are determinative to this appeal.

The charter of the city of Los Angeles, as amended in
1911 (sec. 93, art. IX, Stats. 1911, p. 2107) makes pro-
vision for the appointment of police officers by the chief of
police subject to the approval of the Police Commission
and such civil service regulations as may be existent. It
is then provided that: "The chief of police shall have the
power to suspend or remove any officer or employee in the
police department; but no such suspension or removal shall
be made except for cause, which shall be stated in writing
and filed with said board, with certification that a copy

of such statement has been served upon the person so suspended or removed personally, or by leaving a copy thereof at his last known place of residence if he cannot be found. Upon such filing the suspension or removal shall take effect. Within fifteen days after such statement shall have been filed, the said board, upon its own motion, may, or upon written application of the person so suspended or removed, filed with said board within five days after service upon him of such statement as above provided, shall proceed to investigate the grounds for such suspension or removal. If, in the case of a removal, the said board, after such investigation, shall find in writing that the grounds stated were insufficient, or were not sustained, and also finds in writing that the person removed is a fit and suitable person to fill the position from which he was removed, then said board shall reinstate him in such position; and if, in the case of a suspension, the board, after such investigation, shall find in writing that the grounds stated were insufficient, or were not sustained, the said board shall restore the person so suspended to duty. The order of said board with respect to such suspension or removal shall be final and conclusive.''

The petition of appellant as filed herein set forth that petitioner was served with a notice by the chief of police that he was suspended from his position for (as stated in the notice) ''neglect of duty''; that within five days thereafter he applied for a hearing before the board of police commissioners. He alleged further that said board did not, nor did the chief of police, serve him with a statement of any specific charges and did not confront him with any witnesses; that the board, however, ''permitted'' petitioner to appear before it and relate ''the history of his work in the Police Department for the many years that he had served as such member''; that the board on a later date made an order peremptorily removing petitioner from his position, and that the chief of police gave him written notice of the making of said order.

[1] The possession of an office, or the enjoyment of employment with the government, or under any of its agencies, does not confer a vested property right of any quality whatsoever. The more ancient offices to which the common law attached the property character of incorporeal heredita-

ment find no legal counterpart under the political systems of government in this country. (*Connor* v. *City of New York,* 5 N. Y. 285; *Trimble* v. *Phelps,* 19 Colo. 187 [41 Am. St. Rep. 236, 34 Pac. 981]; *Matter of Carter,* 141 Cal. 316 [74 Pac. 997].) It is not necessary here to consider whether, as between the office holder and a stranger to the appointing power, there may be, in abstract contemplation, a qualified property right which may be subject to damage. In general, then, it follows necessarily that under whatever procedure is adopted to work the removal of a person from office, the constitutional question, as to lack of due process of law, cannot be involved. [2] Whether for cause or without cause, where the removal of an officer is accomplished after full compliance with existing regulations affecting the matter, no ground is left upon which to found any action against the removing power. [3] In the absence of regulations fixing the procedure on removal from office, the law defining the term may be looked to in deciding the question. Appointments to hold during the pleasure of the appointing power may be terminated at any time and without notice; appointments to continue "during good behavior," or for a fixed term of years, cannot be terminated except for cause, and the authorities are generally to the effect that in the latter cases the office holder is entitled to notice and an opportunity to be heard. (2 Dillon on Municipal Corporations, 5th ed., sec. 473; Mechem on Public Officers, p. 454; *In the Matter of Carter, supra; Coleman* v. *Glenn,* 103 Ga. 458 [68 Am. St. Rep. 608, 30 S. E. 297]; *Ex parte Hennen,* 13 Pet. 227 [10 L. Ed. 138, see, also, Rose's U. S. Notes]; *Reagan* v. *United States,* 182 U. S. 419 [45 L. Ed. 1162, 21 Sup. Ct. Rep. 842].) There are cases holding that the right to remove "for cause," with no right of appeal or review, where the statute does not specify the particular causes, leaves the determination of the cause and its sufficiency to the removing power, which may act summarily and without according a hearing to the officer. (*Trimble* v. *People,* 19 Colo. 187 [41 Am. St. Rep. 236, 34 Pac. 981]; *People* v. *Martin,* 19 Colo. 565 [24 L. R. A. 201, 36 Pac. 543].) [4] Observing the generally accepted rule, the question to be determined here is whether the procedure outlined by the charter provision was in the case of peti-

tioner substantially followed. That provision makes the findings of the police commissioners final and conclusive, which means that such findings must be so accepted, regardless of any defect or deficiency in the evidence.

However, it seems clear that it is contemplated that a police officer ordered to be suspended or removed shall be accorded a hearing before the commissioners if he applies for it within five days after the chief of police has given him notice of the order. The provision does not in terms require that there be stated in the notice of the chief of police a description of the acts which make up the delinquency charged against the officer, although it will be presumed that, if an investigation is had, the commissioners will, upon request of the officer, acquaint him with such details. The manner in which the investigation is to be conducted and the class of evidence to be heard is left with the commission. It is imperative only that a hearing be accorded the officer upon his request, and that he be permitted to produce his evidence. The commission acts in a *quasi*-judicial way (*Speed* v. *Common Council*, 98 Mich. 360 [39 Am. St. Rep. 555, 22 L. R. A. 842, 57 N. W. 407]), and may be required by appropriate writ to accord a hearing to the person affected by a removal order. When such a hearing has been had, the decision, by the very terms of the charter, is placed beyond the reach of any review by the courts. The petition in this case shows that the petitioner was permitted to appear before the commission and that he narrated a history of his work in the Police Department. There is no allegation in the petition of any request that a more particular statement of the charge against him be furnished, or that a demand was made that he be allowed to produce witnesses. It may well have been that the commission, upon petitioner's own statement, was satisfied that the order of suspension should stand. In the final notice given by the chief of police, advising petitioner that he was removed from his position, was contained the statement that there was attached a "copy of findings of Police Commission." Whatever the contents of these findings were, the petition does not show. [5] The fact that the chief of police in his subsequent notice advised the petitioner that he was removed from his office, whereas the first notice advised him that he was suspended, is of no

moment, for a suspension without a time stated for reinstatement, would be in effect a removal. Upon the petition, as it represented the facts of appellant's case, the ruling of the trial court was right.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.