[Civ. No. 3882. Third Appellate District.—September 15, 1932.]

EDGAR COFFEY, Appellant, v. A. W. WAY, Mayor, etc., et al., Respondents.

[Civ. No. 3883. Third Appellate District.—September 15, 1932.]

ALBERT E. WARD, Appellant, v. A. W. WAY, Mayor, etc., et al., Respondents.

Henry L. Ford and Puter & Quinn for Appellants.

James W. Henderson for Respondents.

JAMISON, J., *pro tem.*—These proceedings for writs of mandate were brought by plaintiffs to compel defendants, in their official capacity, as the mayor and city council of the city of Eureka, to abstain from refusing to permit plaintiffs to perform their duties as policemen of the said city of Eureka, and to abstain from refusing to permit them the use, enjoyment and emoluments of said offices. Upon the hearing of the said matters judgments were rendered for defendants, and from these judgments plaintiffs have appealed. The plaintiff Harry E. Abers having dismissed his appeal, the cases of plaintiffs. Coffey and Ward were consolidated for the purposes of this appeal.

Appellants were duly appointed and acting policemen of the said city of Eureka, and on Saturday, February 2, 1929, at about the hour of 3 o'clock P. M. of that day, a special

meeting of the said city council was held, and an ordinance was passed removing appellants from said offices as policemen of said city, upon the ground that such removal was for the improvement of the public service. This removal was made without notice to appellants and without a hearing.

Appellants contend that they should have been given the opportunity of being heard before the city council passed the order ousting them.

The city of Eureka is governed under a freeholders' charter adopted by the people and approved by the legislature in 1895, Session Acts 1895, page 355. Section 113 of the charter provides that: "The policemen shall be appointed by the mayor, by and with the consent of the council, and shall hold office during good behavior, unless removed for cause or for the improvement of the public service, as in this charter provided." Section 43, subdivision 15 of the charter provides that the council shall have power to pass ordinances "to try and remove from office appointees against whom charges have been preferred; and to remove without the preferring of charges any appointee at any time when, in the judgment of the council, the public service will be promoted, improved or benefited thereby".

Section 109 of the charter provides that the chief of police may prefer charges against a member of the police force, and if found guilty he shall be dismissed from the force.

Appellants cite the case of *Boyd* v. *Pendegast,* 57 Cal. App. 504 [207 Pac. 713], in support of their contention that they were entitled to a hearing, but the provisions for the removal of the officer contained in the charter then under consideration are not similar to those in the instant case. The charter considered by the court in that case provided that the removal of the officer should not be made except for cause, and further provided that the cause for such suspension should be stated in writing and filed with the board, and also provided that upon application of the officer so removed, the board would investigate the grounds for removal. They also cite *Bannerman* v. *Boyle,* 160 Cal. 197 [116 Pac. 732, 735], but neither in that case are the provisions of the charter similar to those contained in the charter in the instant case. In the case of *Bannerman* v.

*Boyle, supra,* the charter provided that the officer should be appointed for a specified term, and that he could be removed by the mayor for cause. In that case the court said: "The great weight of authority is to the effect that where an officer is appointed for a fixed term, and it is provided that he may be removed during the term, 'for cause', without other qualifying words, such removal cannot be made except after notice and hearing." And in this same case the court quoted with approval the following language found in Mechem on Officers, page 454: "Where the appointment or election is made for a definite term, or during good behavior, and the removal is to be for cause, it is now clearly established by the great weight of authority that the power of removal cannot, except by clear statutory authority, be exercised without notice or hearing."

Section 16 of article XX of the Constitution provides as follows: "In the case of any officer or employee of any municipality governed under a legally adopted charter, the provisions of such charter with reference to the tenure of office, or the dismissal from office of any such officer or employee shall control."

We find in the charter of the city of Eureka, clear statutory authority for the removal of appellants from their appointive offices, without notice and without a hearing, as set forth in subdivision 15, section 43, of said charter.

The officer takes the office with the knowledge that he may be removed therefrom without notice or hearing, whenever, in the judgment of the council his removal will promote the public service, and if he is removed in strict accordance with the law, it is no objection to the validity of the removal to say that it was done without notice or investigation, where the law does not require it. (*Matter of Carter,* 141 Cal. 316 [74 Pac. 997].)

The next contention of appellants is that the city council had no authority to adopt the ordinance on a legal holiday. Section 25 of the said charter provides that if at any time a regular meeting falls on a holiday, such regular meeting shall be held on the following day, and provides that special meetings shall be called by the mayor, etc., but does not provide that such special meetings shall not be held on a holiday.

Section 10 of the Political Code provides that "Every Saturday from 12 o'clock noon until 12 o'clock midnight is a holiday as regards the transaction of business in the public offices of this State, and also in the political divisions thereof where laws, ordinances or charters provide that public offices shall be closed on holidays."

There is no provision in the charter of the city of Eureka that the public offices of said city shall be closed on holidays. Nor can it be successfully contended that the act of the city council in passing the ordinance removing appellants from their offices was a judicial act. Having made up their minds that the removal of appellants from office was necessary for the improvement of the public service, they held a special meeting and passed the ordinances resulting in said removal. The passing of this ordinance under these conditions was purely executive; nor was it in any manner a judicial act.

In this state a municipality possesses powers both legislative and executive. Such executive powers are frequently committed to the city council and they are sometimes exercised by declarations in the form of an ordinance or resolution. (*Hopping* v. *Council of City of Richmond,* 170 Cal. 605–610 [150 Pac. 977]; *Hyde* v. *Wilde,* 51 Cal. App. 82 [196 Pac. 118].)

In the case of *In re Heckman,* 90 Cal. App. 700–708 [266 Pac. 585], the court cited with approval the case of *Mueller* v. *Egg Harbor City,* 55 N. J. L. 545 [26 Atl. 89], wherein it was held that an act which made Saturday afternoon a legal holiday did not apply to proceedings taken before a common council. The act there considered provided that certain days should be considered holidays as far as transacting business in public offices of the state was involved.

Appellants have cited no authority sustaining their position that the act of the city council in merely passing the ordinance on Saturday afternoon. was illegal. ■ Appellants further contend that the city council never adopted an ordinance providing for the procedure to be followed in the removal of its officers. So far as concerns the removal of an appointed officer, where the officer is not appointed for a fixed term, we see no merit in this contention. The passage of an ordinance to do that which the city council was already authorized to perform would be an

idle act. (*In re Thomas* v. *City of Petaluma,* 33 Cal. App. 547 [165 Pac. 1021]; *City of Petaluma* v. *Hughes,* 37 Cal. App. 473 [174 Pac. 336].)

The judgments are affirmed.

Preston, P. J., and Plummer, J., concurred.