[Civ. No. 6466. Third Dist. Dec. 3, 1941.]

CURTIS P. DRAKE, Appellant, v. JOHN F. QUINN, Mayor of the City of Eureka et al., Respondents.

T. F. Peterson for Appellant.

E. S. Mitchell, City Attorney, for Respondents.

THE COURT.—This is an appeal from a judgment dismissing the petition for a writ of mandate after demurrer thereto had been sustained without leave to amend.

It is alleged in the petition for the writ that Curtis P. Drake was a member of the Volunteer Fire Department of the city of Eureka receiving an annual salary of $1680, payable monthly, and that on the 4th day of February 1938, the chief engineer of the fire department suspended petitioner Drake and filed proper charges against him alleging that petitioner was disqualified, incompetent and inefficient. A hearing was had before the city council, which adopted the resolution sustaining the charges and discharging petitioner for insubordination, inefficiency, and for the benefit of the citizens of the city of Eureka. It was declared this action was taken for the benefit of the public service and for the improvement of the fire department. This latter ground is pursuant to summary proceedings authorized by the charter. That power is vested in the council. The charter further provides "no salary shall be payable . . . from the date of suspension."

On or about the first day of February, 1938, the Chief Engineer of the city of Eureka filed charges against petitioner, who is the appellant herein, setting forth certain facts, and alleging dereliction of duties, disobedience of orders, insubordination, incompetency and misconduct, and that the efficiency of the department would be improved by his removal. A copy of these charges was served upon appellant. Eureka is governed by a charter adopted in 1895 (Stat. 1895, page 356 Deering's Gen. Laws, 1937, Act 2417). At that time the entire fire department of the city was voluntary. In 1928 the city passed Ordinance No. 1041, which declared "the paid fire department of the city of Eureka shall consist of eleven (11) paid men in addition to the chief engineer," and in later ordinances reference is made to firemen receiving compensation as the paid members of the fire department.

One of the questions here for determination is· whether Eureka has a paid fire department. Another question is, when charges are filed against a municipal employee, after a full hearing of the charges, has the city council authority to discharge such an employee without passing an ordinance providing procedure for trials?

We shall first consider the question as to whether or not the city council had authority to discharge an employee without passing an ordinance providing procedure for trials.

Respondent·refers us to the case of *Coffey* v. *Way,* 126 Cal. App. 43 [14 Pac. (2d) 143]. In that case the city council of the city of Eureka, without notice or trial, passed an ordinance discharging three policemen. These discharged employees had no notice or opportunity to present a defense but the council concluded that for the improvement of public service they should be discharged. The court there said:

"Appellants further contend that the city council never adopted an ordinance providing for the procedure to be followed in the removal of its officers. So far as concerns the removal of an appointed officer, where the officer is not appointed for a fixed term, we see no merit in this contention. The passage of an ordinance to do that which the city council was already authorized to perform would be an idle act. (*In re Thomas* v. *City of Petaluma,* 33 Cal. App. 547 [165 Pac. 1021]; *City of Petaluma* v. *Hughes,* 37 Cal. App. 473 [174 Pac. 336].)"

Section 124 of the charter provides:

"The said council shall make all rules and regulations necessary to secure discipline and efficiency in the Fire Department, and any officer, member, or employee in said department guilty of violation of such rules and regulations, neglect of duty, disobedience of orders, absence without leave, or conduct injurious to the public peace and welfare, immoral conduct, or breach of discipline, shall be liable to punishment and reprimand, dismissal from the department, forfeiture of pay or the withholding thereof, when found guilty of the offense charged, by the council upon a trial held for that purpose; provided, that not more than thirty days' pay shall be forfeited or withheld for one offense, and provided further, that by affirmative vote of three members of the council, any officer, member, or employee of the fire department may be dismissed at any time without trial, when in the judgment of said council the public service or efficiency of the department will be improved thereby."

In the instant case the council gave notice to appellant and granted him a hearing of the charges and rendered its decision in accordance with the evidence as specified in resolution No. 2079. It would thus appear that the council had the power and authority to hear and determine the matter and to discharge the employee from his position.

Appellant admits that if the city of Eureka had a paid fire department the above quoted section 124 of the charter would be applicable, and that appellant could then be discharged for the good of the service, either with or without a hearing. But he contends the city does not have a paid fire department, and on the contrary that it had but one department, which is a volunteer fire department.

It seems clear, however, that after the enactment of section 27¾ of Ordinance No. 1041, which was passed in 1928, the city did have a paid fire department. It is therein provided the department should consist of eleven paid men in addition to the chief engineer. Each of the eleven men was to receive a salary of $1680 per year.

Under Ordinance No. 1041 no term of office is fixed for members of the fire department. It would therefore seem clear the provisions of section 16 of article XX of the Constitution controls that situation. It is there provided that when the term of any officer or commissioner is not provided for in this constitution, the term of such officer or commis-

sioner may be declared by law, and if not so declared, such officer or commissioner shall hold his position during the pleasure of the authority making the appointment. By resolution the city council dismissed petitioner for the benefit of the public, and for the improvement of the fire department.

Finding no error in the action of the trial court in sustaining the demurrer without leave to amend, the judgment of that court should be affirmed. It is so ordered.

Appellant's petition for a hearing by the Supreme Court was denied January 29, 1942.